**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

———————————————————————

BRAD WATERMAN,                                )
           Plaintiff,                            )
v.                                                          )          CIVIL ACTION NO.
                                                             )
CITY OF TAUNTON,                          )
JOSHUA DEOLIVEIRA, in his individual )
capacity, ANDREW PACINO, in his      )
individual capacity,                             )
           Defendants.                      )

———————————————————————

**COMPLAINT**

**INTRODUCTION**

1.      This is an action for money damages brought against Taunton Police officers Joshua

DeOliveira and Andrew Pacino for violations of the plaintiff's constitutional rights, along with

state tort claims.  Officer DeOliveira caused serious bodily injury to plaintiff, including a

shoulder fracture requiring surgery.  When plaintiff called 911 subsequent to the injury to

complain, Taunton Police in retaliation, responded to plaintiff's home, and DeOliveira and

Pacino wrongfully arrested plaintiff and charged him with disorderly conduct.

**JURISDICTION**

2.      This action is brought pursuant to 42 U.S.C. § 1983 and § 1988 and the First, Fourth,

Eighth and Fourteenth Amendments to the United States Constitution.  Federal jurisdiction exists

over all federal claims under 28 U.S.C. §§ 1331 and 1343. Plaintiff further invokes the

supplemental jurisdiction of this Court under 28 U.S.C. §1367 to hear and decide claims arising

under M.G.L. c.12, §11 and Massachusetts tort law.

**PARTIES**

3.      Plaintiff Brad Waterman was at all times material to this complaint a resident of the

1

Commonwealth of Massachusetts.

4.      Defendant City of Taunton is a municipality located in Bristol County, Massachusetts and at all times relevant to this complaint was the public employer of Defendants DeOliveira and Pacino.

5.      Defendant Joshua DeOliveira was at all times material to this complaint a duly appointed police officer of the Taunton Police Department and his actions alleged in this complaint were taken under color of the laws of Massachusetts.  He is sued in his individual capacity.

6.      Defendant Andrew Pacino was at all times material to this complaint a duly appointed Police Officer with a rank of Sergeant of Taunton Police Department and his actions alleged in this complaint were taken under color of the laws of Massachusetts.  He is sued in his individual capacity.

**FACTS**

7.      On March 16, 2019, Taunton police officers were called to a local tavern, Smitty's Pub, located at 445 Bay Street, in Taunton, and arrived there on or after midnight.

8.      While the events leading up to the police arriving at the pub may be in dispute, what is undisputed is that the plaintiff was placed in police custody, handcuffed, and placed into a marked police cruiser and driven to his home.

9.      Plaintiff was ordered to turn around and place his hands behind his back, and was taken by force, handcuffed and ordered into a marked police cruiser.  Plaintiff complied to the orders and did not resist.

10.     It is alleged in Taunton Police Report, authored by DeOliveira, that due to the plaintiff's intoxication, he was given a "curtesy ride home after being told he was too intoxicated to drive."

11.     Plaintiff, in handcuffs, was transported to his home located at 93 Williams Street in

Taunton.

12.     After taking plaintiff out of the police cruiser, DeOliveira forcefully turned plaintiff while pulling him up by his arm and pinned plaintiff up against the police cruiser, causing plaintiff to hit his head on the vehicle.

13.     DeOliveira pulled up plaintiff's left arm, forcefully and in an unnatural direction, while plaintiff was still handcuffed, with such force, that it caused plaintiff serious bodily injury, including but not limited to a left shoulder fracture.

14.     Plaintiff screamed out in pain but DeOliveira did not let up.

15.     After causing the injury, DeOliveira removed plaintiff's handcuffs, and barked an order to plaintiff to go inside.

16.     Without rendering aid or offering assistance, DeOliveira left the scene.

17.     Plaintiff went inside his home and called 911 and reported that he was injured at the hands of DeOliveira.

18.     The 911 dispatcher notified police, and DeOliveira and at least three other police officers returned to plaintiff's home.

19.     Plaintiff was still on the phone with the 911 dispatcher, standing in his driveway, reporting what had just occurred moments earlier, when the police officers pulled up to plaintiff's home and exited their police cruisers.

20.     Instead of listening to his complaint and documenting the report of his injuries, the police officers present, which included DeOliveira and Pacino, yelled at plaintiff to go inside and threatened to arrest him if he did not go inside.

21.     Plaintiff had a verbal exchange with the officers.

22.     It is alleged by the police that plaintiff yelled profanities at them.

23.    Plaintiff did not make any threats towards the police officers but was acting well within his rights to attempt to report the injury and mistreatment he had endured at the hands of the police.

24.    Plaintiff was also exercising his constitutionally protected freedom of speech in verbalizing his frustration with his treatment by the police, as he began to walk back inside his home.

25.    The police officers at that time yelled at and ordered plaintiff to come back out from his front door entrance, and defendants Pacino and DeOliveira grabbed plaintiff by his wrists and turned him around, and handcuffed him with his hands behind his back, and arrested him.

26.    The police either failed to heed plaintiff's complaints of pain to his shoulder or intentionally ignored them, and placed him in the police cruiser and transported him to the police station.

27.    Once at the police station, the plaintiff continued to complain of his injury and pleaded for medical attention, which went unheeded for some time.

28.    Only after repeated complaints and pleading for medical attention, and more than reasonable time had passed, medical technicians were called to the station to examine plaintiff.

29.    After examination by medical technicians at the police station confirmed plaintiff's injury, he was transported to a hospital, where later it was confirmed that he had in fact sustained a fracture to his shoulder and upper arm.

30.    Plaintiff underwent surgery and was hospitalized for several days.

31.    Plaintiff was subsequently charged with disorderly conduct in Taunton District Court based on an application for criminal complaint that was submitted by the police following the arrest.

32.    The criminal case against the plaintiff was eventually dismissed.

33.    Plaintiff suffered extreme emotional distress and harm from his false and wrongful arrest, which was done in retaliation against him by the police for plaintiff's attempt to report the excessive force used against him by DeOliveira.

**COUNT I     42 U.S.C. § 1983 Claims Against Defendant DeOliveira for Excessive Force**

34.    The above paragraphs are incorporated by reference.

35.    Defendant DeOliveira used unreasonable and excessive force against plaintiff.

36.    Defendant DeOliveira had no reason to use force against plaintiff.

37.    Defendant DeOliveira deprived Plaintiff of his clearly established and well-settled rights to freedom from the use of unreasonable force under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

38.    Defendant DeOliveira acted with knowing or reckless disregard for plaintiff's constitutional rights.

39.    As a direct and proximate result of defendant's actions, plaintiff suffered the damages described above.

**COUNT II     42 U.S.C. § 1983 Claims Against Defendant DeOliveira for Wrongful Arrest**

40.    The above paragraphs are incorporated by reference.

41.    Defendant DeOliveira did not have probable cause to arrest plaintiff.

42.    Defendant DeOliveira deprived plaintiff of his clearly established and well-settled rights to freedom from the use of unreasonable force under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

43.    Defendant DeOliveira acted with knowing or reckless disregard for plaintiff's

constitutional rights.

44.     As a direct and proximate result of defendant's actions, plaintiff suffered the

damages described above.

**COUNT III     42 U.S.C. § 1983 Claims Against Defendant DeOliveira for Retaliation**

45.     The above paragraphs are incorporated by reference.

46.     Defendant DeOliveira did not have probable cause to arrest plaintiff.

47.     Defendant DeOliveira arrested plaintiff in retaliation for plaintiff's exercise of his rights

under the First Amendment.

48.     Defendant DeOliveira acted with knowing or reckless disregard for plaintiff's

constitutional rights.

49.     As a direct and proximate result of defendant's actions, plaintiff suffered the

damages described above.

**COUNT IV     Massachusetts Civil Rights Act M.G.L. c. 12, § 11H, 11I Against DeOliveira**

50.  The above paragraphs are incorporated by reference.

51.  Defendant DeOliveira violated plaintiff's rights by threats, intimidation and coercion in

     order to discourage plaintiff from filing a complaint against him.

52.  As a direct and proximate result of defendant's actions, plaintiff suffered the damages

     described above.

**COUNT V     Claim under Massachusetts Law for Assault and Battery Against DeOliveira**

53.  The above paragraphs are incorporated by reference.

54.  Defendant DeOliveira committed the tort of assault and battery on the plaintiff.

55.  As a direct and proximate cause of defendant's actions, plaintiff suffered the

injuries described above.

**COUNT VI    Claim under Eighth Amendment  Against DeOliveira**

56.  The above paragraphs are incorporated by reference.

57.    The Defendant DeOliveira's actions amount to unnecessary and wanton infliction of pain on plaintiff, and constitutes cruel and unusual punishment under the Eighth Amendment to the United States Constitution.

**COUNT VII   Claim under Massachusetts Law for False Imprisonment Against DeOliveira**

58.  The above paragraphs are incorporated by reference.

59.    Defendant DeOliveira committed the common law tort of false imprisonment by physically taking plaintiff into custody at Smitty's Pub, against his will, placing plaintiff in handcuffs, and forceably transporting him in custody, which led to the events that resulted in his injuries.

60.  As a direct and proximate result the plaintiff received the injuries as described above.

**COUNT VIII Claim under Massachusetts Law for False Imprisonment Against DeOliveira**

61.  The above paragraphs are incorporated by reference.

62.    Defendant DeOliveira committed common law tort of false imprisonment by arresting plaintiff at his home in retaliation for plaintiff attempting to report DeOliveira's assault and battery of plaintiff that resulted in plaintiff's shoulder injury.

63.    Defendant also committed false imprisonment by falsely arresting plaintiff for exercising his rights under the First Amendment.

64.    As a direct and proximate result the plaintiff received the injuries described above.

**COUNT IX    42 U.S.C. § 1983 Claims Against Defendant Pacino for Wrongful Arrest**

65.  The above paragraphs are incorporated by reference.

66.  Defendant Pacino did not have probable cause to arrest plaintiff.

67.     Defendant Pacino deprived plaintiff of his clearly established and well-settled

rights to freedom from the use of unreasonable force under the Fourth, Eighth, and Fourteenth

Amendments to the United States Constitution.

68.     Defendant Pacino acted with knowing or reckless disregard for plaintiff's constitutional

rights.

69.      As a direct and proximate result of defendant's actions, plaintiff suffered the damages

described above.

**COUNT X**     42 **U.S.C. § 1983 Claims Against Defendant Pacino for Retaliation**

70.  The above paragraphs are incorporated by reference.

71.     Defendant Pacino unlawfully arrested plaintiff in retaliation for plaintiff's exercise of his

rights under the First Amendment.

72.     Defendant Pacino acted with knowing or reckless disregard for plaintiff's constitutional

rights.

73.      As a direct and proximate result of defendant's actions, plaintiff suffered the damages

described above.

**COUNT XI    Claim Under Eighth Amendment Against Pacino**

74.  The above paragraphs are incorporated by reference.

75.     The Defendant Pacino's actions amount to unnecessary and wanton infliction of pain on

the plaintiff, and constitutes cruel and unusual punishment under the Eighth Amendment to the

United States Constitution.

**COUNT XII   Claim under Massachusetts Law for False Imprisonment Against Pacino**

76.  The above paragraphs are incorporated by reference.

77.     Defendant Pacino committed common law tort of false imprisonment by arresting

plaintiff at his home in retaliation for plaintiff attempting to report DeOliveira's assault and battery of plaintiff that resulted in plaintiff's shoulder injury.

78.     Defendant also committed false imprisonment by falsely and arresting plaintiff for exercising his rights under the First Amendment.

79.     As a direct and proximate result the plaintiff received the injuries described above.

80.     As a direct and proximate cause of defendant's actions, plaintiff suffered the injuries described above.

**COUNT XIII Negligence Against City of Taunton**

81.  The above paragraphs are incorporated by reference.

82.     On March 5, 2021, a notice pursuant to M.G.L. c. 258 §4 was sent to the Mayor of Taunton as well as the General Counsel for the city.

83.     Plaintiff properly performed the conditions precedent to filing an action under M.G.L. c. 258.

84.     The city of Taunton failed to make a reasonable offer of settlement and has ignored plaintiff's claim.

85.     Police Officers DeOliveira and Pacino were acting within the scope of their employment at all times alleged in this complaint.

86.     Police Officers DeOliveira and Pacino owed plaintiff a duty to use reasonable care and reasonable force.

87.  Employees of the city of Taunton breached their duty of care and were negligent in:

    a.   using excessive force on plaintiff causing injury;

    b.   failing to immediately provide medical treatment to plaintiff;

88.  As a direct and proximate cause of defendant's actions, plaintiff suffered the

injuries described above.


**WHEREFORE**, the Plaintiff requests that this Court:

    1. Award compensatory damages;

    2. Award punitive damages against Defendants;

    3. Award the costs of this action, including reasonable attorney's fees; and

    4. Award such other further relief as this Court may deem necessary and appropriate.

## JURY DEMAND

A jury trial is hereby demanded.

                            Respectfully submitted,
                            BRAD WATERMAN
                            By his attorney,


                            */s/ Steven S. Kim*
                            Steven S. Kim
                            BBO# 655122
                            2001 Beacon Street, Suite 101
                            Brighton, Massachusetts 02135
                            Tel: (617) 879-9979
                            Fax: (888) 624-9174
                            Email:  steven@stevenkimlaw.com

Dated March 11, 2022